PEOPLE v. LEROY WATSON

Appeal from Genesee, Papp (Elza H.), J. Sub-
mitted Division 2 November 12, 1968, at Lansing.
(Docket No. 3,009.)   Decided November 26, 1968.

Leroy Watson was convicted of rape.  Defendant
appeals.  Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Robert F. Leonard*,
Prosecuting Attorney, and *Donald A. Kuebler*, As-
sistant Prosecuting Attorney, for the people.

*William F. Price, III*, for defendant.

PER CURIAM.   Defendant was convicted of rape
in 1961 by a jury.  He claims that he was denied
his rights as he was arrested without a warrant
and held for 2 days before arraignment.  During
this detention, he signed a confession which was used
to impeach his testimony at the trial.  A hearing
was held in 1966 to determine the voluntariness of
his confession.  The court determined that his con-
fession was voluntary and that the defendant had
not been unreasonably detained, as the prosecutrix
was hospitalized for 2 days and could not appear
to identify him.

Even though both counsel stipulated to the settled
record on appeal, because the stenographer who had

recorded the trial had died and no one could be found to transcribe his notes, defendant claims he has been prejudiced and should have a new trial. *Escobedo v. Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977), upon which defendant relies, is not retroactive and does not apply. The case is distinguishable from *People v. Hamilton* (1960), 359 Mich 410.

A review of the record established that the defendant's rights were fully protected and the defendant's rights were not prejudiced by the failure to have the stenographer's notes transcribed.

Affirmed.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.